**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES DIRK ROBERTS,

 Plaintiff - Appellant,

v.

CRAIG APKER; et al.,

 Defendants - Appellees.

No. 12-15302

D.C. No. 4:09-cv-00181-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted April 7, 2014
Pasadena, California

Before: BRIGHT,[**] FARRIS, and HURWITZ, Circuit Judges.

 The Plaintiff, James Roberts, was a convicted sex offender housed in a

penitentiary classified as a Sex Offender Management Program site. Beginning in

March 2009, Roberts began receiving notices that his mail was being rejected for

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Myron H. Bright, Senior Circuit Judge for the U.S.
Court of Appeals for the Eighth Circuit, sitting by designation.

containing "sexually suggestive" photographs. The photographs were commercially produced, individual photos of women in various states of undress and sex-related poses—most contained no full-frontal nudity, and none depicted sexual acts. The rejections were pursuant to an official memorandum that prohibited receipt of incoming photographic material that "depicts sexually suggestive posing," and required that the photos be returned to the sender without any chance for the inmate to review it. Roberts sued the prison officials who created and implemented that policy for money damages under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging First and Fifth Amendment violations. The district court granted summary judgment in favor of the officials, finding no Constitutional violations, and also finding that the Defendants were entitled to qualified immunity. Roberts now appeals. All claims in this case are reviewed de novo as questions of law or constitutional rulings resolved on summary judgment. *Al Haramain Islamic Found., Inc. v. U.S. Dept. of Treas.*, 686 F.3d 965, 976 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291.

Government officials are protected by qualified immunity when sued in their personal capacity. *Acosta v. City of Costa Mesa*, 718 F.3d 800, 824 (9th Cir. 2013). Officials are not liable unless (1) the official violated a constitutional right of the

Plaintiff, and (2) that right was clearly established. *Id.* We may decide to answer these questions in whatever order we wish, and if we find that one prong is not satisfied we need not continue on to the second. *Id.* We find no Constitutional violations.

First Amendment claims in the prison context are reviewed under the four-part framework of *Turner v. Safley*, 482 U.S. 78 (1987). *See Bahrampour v. Lampert*, 356 F.3d 969, 973-76 (9th Cir. 2004). Rejection of incoming mail that is "sexually explicit" was upheld by this court in *Bahrampour*, 356 F.3d at 972. Rejection of incoming mail that contains full-frontal nudity was upheld in *Mauro v. Arpaio*, 188 F.3d 1054, 1063 (9th Cir. 1999). Given the baselines of *Bahrampour* and *Mauro*, we need only ask whether anything changes in the context of a convicted sex offender housed in a prison containing other such offenders when the application of the *Turner* factors moves from content that is "sexually explicit" (depicts actual or simulated sexual acts, *Bahrampour*, 356 F.3d at 972) or contains full-frontal "nudity" to content that is only "sexually suggestive" (depicts sexual "posing").

The answer is "no." This case is nearly indistinguishable from *Mauro* and *Bahrampour*: "sexually suggestive" images are nearly indistinguishable from "sexually explicit" or "nude" images with respect to the threats they pose to

3

prisons—all categories contain sexually arousing content. The Plaintiff cannot point to any reason—nor can we conceive of any—why the *Turner* analysis would come out differently with respect to the images at issue, particularly in the context of this case. All of the observations made in *Mauro* and *Bahrampour* are equally applicable here.

Prisoners do have a liberty interest in receiving mail, and therefore they are entitled to some procedural due process when they are deprived of that mail. *See Krug v. Lutz*, 329 F.3d 692, 696 (9th Cir. 2003). Three baseline protections must be afforded: (1) notice to the inmate of the rejection, (2) a reasonable opportunity to appeal the rejection, and (3) review by an independent official. *See Martinez*, 416 U.S. at 418-19; *Krug*, 329 F.3d at 697 (independent, 2-level review); *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999) (notice). Roberts argues that two rights flow from the *Martinez* requirement of being "given a reasonable opportunity to protest" a decision: (1) a right for prisoners to review rejected mail, and (2) a right to require prisons to retain that mail (or at least copies of it) for purposes of appeal.

In assessing whether the process afforded to an inmate is adequate, three factors must be considered: (1) the private interest affected by the official action, (2) the risk of erroneous deprivation of that interest using the procedure in place

and the probable value of alternate safeguards, and (3) the governmental interest, including financial and administrative cost, that additional safeguards would impact. *Al Haramain Islamic Found., Inc.*, 686 F.3d at 979; *State of California ex rel. Lockyer v. F.E.R.C.*, 329 F.3d 700, 709 n.8 (9th Cir. 2003) (this is the "general test that applies in all but a few contexts").

The first factor weighs against the Plaintiff: although he has a strong interest in receiving publications more generally, a sex offender's interest in receiving sexually suggestive publications while in a sex-offender treatment program is essentially zero. The second factor weighs only slightly in favor of him: while it is probably true that fewer non-sexually suggestive publications would be erroneously rejected were a third set of eyes to review them (a second-level review is already guaranteed), this risk of error is low to begin with, given that this is a simple pictorial assessment. The third factor weighs strongly against the Plaintiff: the government has an interest in entirely preventing sex offenders from viewing potentially sexually suggestive materials. Viewing the material, however briefly, undermines the goal of offender rehabilitation. A prisoner could get his or her "fix" by arranging for a publication to be sent and rejected, all so that he or she could get a chance to inspect the picture on appeal and satisfy his or her urges. Moreover, a requirement that the prison retain the photographs indefinitely for purposes of

appeal would create an administrative and fiscal burden; the authorities here retained photocopies of the pictures, and that is sufficient to allow review if a grievance if filed. A standard post-deprivation remedy is thus sufficient: should the prisoner win in the end, he or she can always have the mail re-sent. *See Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (if post-deprivation remedy in prison mail context is sufficient then no pre-deprivation procedures need be afforded).

**AFFIRMED.**